{¶ 19} I concur with the majority opinion but write separately because the majority opinion fails to address appellant's argument. Appellant argues that the trial court erred in two ways: (1) it dismissed his case with prejudice although Cuyahoga County Common Pleas Local Rule 21III(H), he says, requires dismissal without prejudice rather than with prejudice, and (2) the court failed to contact him by phone before imposing this sanction as required also, he says, by Local Rule 21.
{¶ 20} Local Rule 21 states in pertinent part:
 {¶ 21} (H) Any judge presiding at a pretrial conference or trial shall have authority:
 {¶ 22} (1) After notice, dismiss [sic] an action without prejudice for want of prosecution upon failure of plaintiff and/or his counsel to appear in person at any pre-trial conference as required by Part III (B) of this Rule.
{¶ 23} * * *
 {¶ 24} (5) The sanctions contained in (H)(1)-(4) should not be imposed until a reasonable attempt is made by the Court or opposing counsel present at the pretrial to contact the missing counsel by telephone to determine whether that counsel's noncompliance with these rules can be reasonably explained.
{¶ 25} The builder, on the other hand, counters that the court had the authority to dismiss the action under Civ.R. 41(B)(1) and (3), which states in pertinent part:
 {¶ 26} (1) Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court * * * on its own motion may, after notice to the plaintiff's counsel, dismiss any action or claim.
{¶ 27} * * *
 {¶ 28} (3) A dismissal under this subdivision * * * operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.
{¶ 29} The builder cites numerous cases supporting the trial court's action.
{¶ 30} There is no doubt, as the majority states, that under the Civil Rule, the court had the authority to dismiss with prejudice. The question is whether Local Rule 21 restricts the Civil Rule and to what extent. Obviously, the authority to dismiss with prejudice does not arise from the Local Rule. That authority is expressly granted to the judge by virtue of Civ.R. 41(B)(1) and (3). The local rule addresses only authority to dismiss without prejudice. The local rule does not expressly deny the court authority to dismiss with prejudice on the basis of want of prosecution. In fact, the local rule does not say anything at all about dismissing a case with prejudice.
{¶ 31} The rule does establish a condition to be met in order for the court to dismiss: the court must make a reasonable attempt to contact the missing counsel to learn the reason for counsel's absence. This condition, however, is required only for the sanctions expressly contained in Local Rule 21III(H)(1) through (4), and dismissal with prejudice is not one of the itemized sanctions. It seems common sense that if the court must meet such a requirement for a dismissal without prejudice, then the court should be expected to meet the same requirement for the more drastic decision to dismiss with prejudice.
{¶ 32} Litigants are not controlled, however, by what a court assumes but leaves unarticulated in its rules. If the court intends to impose this requirement in all dismissals for want of prosecution, whether with or without prejudice, then the court must expressly say so.
{¶ 33} In the case at bar the court dismissed the case with prejudice. Since the local rule does not address this situation, the local rule does not apply.